## ORTIZ v. ECHOLS et al.

### No. 10601.

Court of Civil Appeals of Texas. San Antonio.

June 7, 1939.

Rehearing Denied July 26, 1939.

C. S. Arnold, of Hebbronville, and Hayden C. Covington, of San Antonio, for appellant.

T. M. West, of San Antonio, for appellees.

SMITH, Chief Justice.

The suit was brought by Manuel Ortiz against C. F. Echols and Roy Smith, doing business under the trade name of Smith Motor Sales Company, to recover damages for personal injuries sustained by Ortiz as a result of a collision between his truck and an automobile owned by Smith and driven by Echols. The case was tried before a jury, who returned a directed verdict in favor of Smith, but against Echols, on special issues, in the sum of $5000. Ortiz has appealed from the judgment in favor of Smith. Echols has not appealed.

Smith operates automobile sales rooms and repair shop in San Antonio. On February 1, 1938, he lent Echols a used car to be used by him while his own car was being overhauled in Smith's shop. Before he lent the car to Echols· Smith "adjusted the car and went over it and found the car in good condition."

Echols used· the car in his business, driving it thirty or forty miles a day for the next four days, when, on February 4th, the collision occurred while Echols, upon a private errand of his own, was crossing Blanco Road at its intersection with West Kings Highway in San Antonio. Echols continued to use the car as before until he returned it to Smith late in February.

Appellant's appeal is predicated upon the sole contention that the evidence raised, and the court should have submitted to the jury, the issues of whether the brakes of the car were in bad condition when Smith lent it to Echols; whether Smith then knew, or should have known, of that condition; and if so, was he negligent in lending the car to Echols while the brakes were in such condition? and if such negligence was the proximate cause of appellant's injuries.

We have concluded that the court did not err in withholding those issues from the jury, or in directing a verdict for appellee. The evidence is undisputed, and comes from Appellant's own witnesses, that the brakes on the car had nothing to do with the collision; that the driver did not apply the brakes, or undertake to apply

them, in avoidance of appellant's truck, but, rather, accelerated his speed in the hope of passing in front of the truck, which, in spite of that movement, struck the car just forward of its center. These facts being undisputed, and coming from appellant's own witnesses, prohibit any conclusion that faulty brakes proximately caused the collision, notwithstanding the jury found, as against Echols, that the collision was proximately caused by defective brakes, with Echols' knowledge.

It appears, in this connection, that Smith had acquired the car from another dealer in used cars. An employee of that dealer testified that at some undisclosed period before Smith bought the car the witness concluded, without other than a cursory inspection, that the brakes on the car were in bad condition. But the record does not disclose, or support any inference, as to when this condition existed; so far as the record shows, it may have been six months or a year before Smith got the car. Certainly this testimony begets no more than a vague surmise that the car brakes were defective or out of condition when Smith got it. Be that as it may, however, the evidence is undisputed, on the other hand, that when Smith got the car, and before he lent it to Echols shortly thereafter, he had it inspected and adjusted; that it was then in a good state of repair, including the brakes, and was in this condition when Echols took it. Besides that, this question is foreclosed against appellant by the stipulation of the parties that Smith "traded for this car on January 31st, 1938, and got the car on February 1st, and loaned it to Echols on the evening of February 1st. No repairs were done on the car before then except they adjusted the car and went over it, and found the car in good condition."

In short, then, the record shows, conclusively, (1) that the brakes on the car were in good condition when Smith lent it to Echols, and (2) that the condition of the brakes could not have contributed to the collision, because, instead of applying or attempting to apply the brakes in his efforts to avoid the collision, Echols accelerated the speed of the car in the belief that that was the safest course to pursue, in the emergency confronting him.

There was nothing in the case showing or tending to show the accident occurred through any act of Smith, negligent or otherwise, and the trial judge did not err in directing a verdict for him.

This conclusion settles the appeal and the judgment is affirmed.